WRIGHT, J.,
delivered the opinion of the Court.
*522 The only question that need he considered in this case, is the statute of limitations. The complainant claims to he a creditor of Jacob P. Chase, John Chase, and William Chase, the children and heirs at law of Ohed Chase, who departed this life about the year 1840. If complainant’s debts exist, they were created and reduced to judgments long prior to the 7th of October, 1847; and the object of the bill is to subject to sale a tract of 47 acres of land, now in possession of the defendant, Joshua Morgan, treating it as the land of the heirs of Obed Chase. This land was purchased of Calloway Hodges, by Morgan, on the 7th of October, 1847, who then toolc his deed in fee simple for the same, and immediately took possession, claiming under the deed, and has held possession of it ever since. The complainant’s bill was filed the 27th of March, 1855, a period of more than seven years after Morgan’s deed and possession, and it is plain complainant is barred by the statute of limitations, unless there be something else in the case.
To avoid this conclusion, complainant insists that Obed Chase in his life time, purchased this land of David Harrison, who was seized in fee of the same, and took his deed, in which there was a reservation of a life estate to Harrison and wife; and that she did not die, or the life estate fall in till the 10th of September, 1848, a period of less than seven years before the filing of complainant’s bill; and that, therefore, Obed Chase’s heirs are not barred to sue for this land, and that complainant, being their creditor, has the same right.
This position cannot be maintained. The bill of the *523 complainant alleges that Obed Chase died seized and possessed of this tract of land, having derived the same by deed of David Harrison, in May, 1829. This is inconsistent -with the existence of any life estate in Harrison and wife. The answer of Morgan, to be sure, states upon information, that • Harrison and wife did have a life estate; but if we could give a decree upon such a statement in the answer, where the bill positively alleges the contrary, when we come to look at the proof, the fact is found to be against complainant. Neither the deed, nor any ^writing between Harrison and Obed Chase is filed in the record; but the complainant, in his own proof, shows that the deed was absolute, and conveyed to Chase a title in fee simple, and contained no reservation of a life estate to Harrison and wife; but that Chase, by a title bond, or some distinct instrument, did covenant with Harrison that he and his wife should have a life estate; or some othe'r charge in their favor upon the land. And it is most obvious that, at law, the heirs of Obed Chase could, at any time, have asserted their legal title to this land; and that, whatever were the equities of Harrison and wife, they could only be asserted in a Court of Equity, or by an action of covenant at law, upon the writing, for damages. If any one possessed the land adversely, they were not bound to wait until this supposed life estate fell in, but could sue immediately; and must, therefore, be held barred; and complainant is, of course, barred. This result cannot be avoided by showing that Mrs. Harrison lived on the land, or a small part of it, after the date of the deed to Morgan; for she was clearly there under Morgan; Calloway Hodges, of whom Morgan purchased, having *524 prior to the sale to Morgan, acquired her claim. Neither did Jacob P. Chase, John Chase, or William Chase labor under any disability to save them from the bar. It is not pretended they were infants; and though William Chase died leaving infant heirs, yet his death occurred long after Morgan’s adverse possession commenced.
There are other facts in this record, which would most probably lead us to the same result. But their consideration is unnecessary, believing, as we do, that complainant is barred by the statute of limitations.
To this conclusion the Chancellor came, and we affirm his decree.